FILED

MAY - 9 2016

Clerk, U.S District Court
District Of Montana
Great Falls

**CARL E. ROSTAD**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Direct Line:  (406) 771-2001
Phone:  (406) 761-7715
FAX:  (406) 453-9973
Email:  Carl.Rostad@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-37 -GF-BMM |
| Plaintiff, | |
| vs. | **CONDITIONAL PLEA AGREEMENT** (Rule 11 (c)(1)(A) &(C), *Federal Rules of Criminal Procedure*) |
| MT WATERWORKS, LLC, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Carl E. Rostad, Assistant United States Attorney for the District of Montana, and the defendant corporation, MT Waterworks, LLC, by and through its representative, Kent A. Boos, President of MT Waterworks, LLC, and



CER  KAB  MDP   4/28/2016
                  Date

1

the defendant corporation's attorney, Mark D. Parker, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant corporation corporation. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant corporation agrees to plead guilty to Counts I and II of the Indictment which charges, in Count I, the crime of Fraud (Wire), in violation of 18 U.S.C. § 1343, and, in Count II, the crime of Making a False Federal Statement, in violation of 18 U.S.C. § 1001. Because the defendant is a corporation, the offenses charged in each count of the Indictment carry a maximum punishment of a $500,000 fine, for a total possible fine of $1,000,000. 18 U.S.C. § 3571(c)(3). The charges also require payment of a mandatory special assessment of $400 per count, for a total of $800. 18 U.S.C. § 3013(a)(2)(B).

The parties have concluded that determination of restitution would be extremely complicated, subject to significant dispute, and prolong sentencing to an extent that the process would outweigh the need to provide restitution. 18 U.S.C. § 3663(a)(1)(B)(ii). The parties have agreed that no restitution will be sought and that a $350,000 fine will be imposed in lieu of restitution. 18 U.S.C. § 3663(a)(2).

CER   KAB   MDP   Date 4/28/2016

3. **Nature of the Agreement**: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by: Rules 11(c)(1)(A) & (C), *Federal Rules of Criminal Procedure*. The defendant corporation acknowledges that the agreement will be fulfilled provided *a)* the United States dismiss the charges identified in paragraph 11, below, and *b)* the Court accepts the plea agreement and imposes the terms to which the parties have agreed. The defendant corporation acknowledges that the Court may reject the plea agreement, and that the defendant corporation would then have the option to withdraw its plea of guilty and proceed to trial, or persist in the plea of guilty knowing that the sentence imposed may be less favorable than the terms of the rejected agreement. Rule 11(c)(5), *Federal Rules of Criminal Procedure* .

4. **Admission of Guilt**: The defendant corporation will plead guilty because it is in fact guilty of the charge contained in Counts I and II of the Indictment. In pleading guilty, the defendant corporation acknowledges that, on or about the dates of the indictment:

*CER*    *KAB*    *MDP*    4/28/2016
CER    KAB    MDP    Date

3

### Wire Fraud/Defrauding the Chippewa Cree Tribe
### Indian Preference Claim
### Title 18 U.S.C. § 1343 (Count I)

**First**, the defendant corporation devised or knowingly participated in a scheme or plan to obtain money or property through the use of false and fraudulent pretenses, representations, and promises;

**Second**, the statements made or facts omitted on behalf of the corporation as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, the representative(s) of the defendant corporation acted with the intent to defraud; that is, the intent to deceive or cheat; and

**Fourth**, the defendant corporation used, or caused to be used, interstate wire communications to carry out or attempt to carry out an essential part of the scheme.

Source: § 8.124, Ninth Circuit Manual of Model Jury Instructions (2015)

### False Statement to a Government Agency
### Title 18 U.S.C. § 1001(a)(3) (Count II)

**First,** that the defendant corporation used a writing that contained a false statement in a matter within the jurisdiction of the General Services Administration, an agency of the United States;

**Second,** the defendant corporation acted willfully; that is, the representatives of the defendant corporation acted deliberately and with knowledge both that the statement was untrue and that its conduct was unlawful; and

**Third,** the statement was material to the activities or decisions of the General Services Administration; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

Source: § 8.73, Ninth Circuit Manual of Model Jury Instructions (2015)

_[Signatures]_ CER   KAB   MDP   Date 4/28/2016

4

5. **Waiver of Rights by Plea**:

(a) The defendant corporation has the right to plead not guilty or to persist in a plea of not guilty.

(b) The defendant corporation has the right to a jury trial unless the defendant corporation, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(c) The defendant corporation has the right to be represented by counsel.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant corporation, by its representative, and its defense attorney, would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant corporation is presumed innocent, and that it could not convict the defendant corporation unless, after hearing all the evidence, it was persuaded of the defendant corporation's guilt beyond a reasonable doubt.

*CER*    *KAB*    *MDP*    4/28/2016
CER     KAB    MDP    Date

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant corporation's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant corporation. The defendant corporation would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant corporation could present witnesses and other evidence on the defendant corporation's own behalf. If the witnesses for the defendant corporation would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant corporation would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant corporation to reversal of the conviction.

(h) The defendant corporation has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant corporation expressly

*CER* *KAB* *MDP* 4/28/2016
CER   KAB   MDP   Date

waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant corporation understands that by pleading guilty pursuant to this agreement, it is waiving all the rights set forth in this paragraph. The defendant corporation's attorney has explained these rights and the consequences of waiving these rights.

6. **Agreed Upon Sentence:** The parties have negotiated a resolution which, if acceptable to the Court, should be the sentence imposed under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*.

A fine of $350,000 will be paid by the defendant corporation, or on the defendant corporation's behalf. If the agreement is accepted by the Court, and the fine and applicable assessments are fully paid at sentencing, the defendant corporation will have fulfilled its part of this agreement.

However, the parties have further agreed that if the corporation, MT Waterworks, LLC, cannot meet the entire obligation at the date of sentencing, the United States will agree to a payment schedule in which the defendant corporation shall be permitted to pay the majority, but not all, of the fine at sentencing. The defendant corporation agrees to pay $250,000 on the date of sentencing, and the remaining $100,000 within one year of sentencing. In exchange for the

CER  KAB  MDP  Date 4/28/2016

government's agreement to defer a portion of the fine payment, the defendant corporation agrees to execute, within 30 days of the filing of this agreement, a security agreement and UCC Statement providing, as security, all personal property currently owned or thereafter acquired by the corporation including accounts receivable, inventory, equipment and other assets of the corporation, to provide a level of surety that the remainder of the fine will be paid.

The defendant corporation also agrees to pay, on the date of sentencing, the $800 in special assessments due and owing under 18 U.S.C. § 3013.

The defendant corporation acknowledges that failure to execute a security agreement or failure to make these payments at sentencing will be a breach of the agreement and it shall become null and void.

The defendant corporation authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant corporation to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant corporation through its investigation. The defendant corporation further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing,

_[signatures]_ 4/28/2016
CER    KAB    MDP    Date

Case 4:16-cr-00037-BMM   Document 6   Filed 05/09/16   Page 8 of 11

government's agreement to defer a portion of the fine payment, the defendant corporation agrees to execute, within 30 days of the filing of this agreement, a security agreement and UCC Statement providing, as security, all personal property currently owned or thereafter acquired by the corporation including accounts receivable, inventory, equipment and other assets of the corporation, to provide a level of surety that the remainder of the fine will be paid.

The defendant corporation also agrees to pay, on the date of sentencing, the $800 in special assessments due and owing under 18 U.S.C. § 3013.

The defendant corporation acknowledges that failure to execute a security agreement or failure to make these payments at sentencing will be a breach of the agreement and it shall become null and void.

The defendant corporation authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant corporation to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant corporation through its investigation. The defendant corporation further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing,

*[signed]* CER    *KAB* KAB    *[signed]* MDP    4/28/2016 Date

in order to evaluate the defendant corporation's ability to satisfy any financial obligation imposed by the Court.

The government's commitments and stipulations to dismissal and non-prosecution, as found in paragraph 11, below, are incorporated in this portion of the agreement as if fully reiterated.

8. **Sentencing Guidelines**: Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties acknowledge that the recommendations of either party as to the applicability of any guideline provision is not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

9. **Appeal Waivers**:

The defendant corporation acknowledges that 18 U.S.C. § 3742 affords it the right to appeal the sentence imposed in this case. If the agreement is accepted by the Court, and the terms contained herein imposed, the defendant corporation waives all right to appeal the judgment entered.

The defendant corporation also waives its right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit

*[signatures]* CER   KAB   MDP   Date 4/28/2016

its right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of its entry of guilty plea or alleging that it received ineffective assistance of counsel.

10. **Voluntary Plea**: The defendant corporation and defendant corporation's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant corporation to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

11. **Non Prosecution and Dismissal**: Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause Count III of the Indictment to be dismissed. The United States will also dismiss the defendant corporation from Counts I, III, and V of the Indictment on file in *United States v. McGovern, et al*, CR 16-22-GF-BMM.

In addition, the United States will not pursue other charges against the defendant corporation, its President, or any employees of the corporation based upon the allegations set forth in the Indictment.

12. **Entire Agreement**: Any statements or representations made by the United States, the defendant corporation, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in

CER  KAB  MDP  Date 4/28/2016

10

this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_____
CARL E. ROSTAD
Assistant U. S. Attorney

_____
MT WATERWORKS, LLC
Defendant Corporation
By: Kent A. Boos, President
Authorized Representative

_____
MARK D. PARKER
Defense Counsel

CER   KAB   MDP   4/28/2016
                  Date

11